```
THE LAW OFFICES OF GEOFF WIGGS
GEOFFREY E. WIGGS (SBN 276041)
1900 S. Norfolk St, Suite # 350
San Mateo, California 94403
Telephone: (650) 577-5952
Facsimile: (650) 577-5953
geoff@wiggslaw.com

Attorney for Creditor
Peter Pirouzkar
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re:<br>**JAMSHID DARYANABARD**,<br>Debtor.<br><br>PETER PIROUZKAR,<br>Plaintiff,<br>v.<br>JAMSHID DARYANABARD,<br>Defendant. | Case No. 23-50443<br>Adversary Proceeding #: 23-05024<br>Chapter 13<br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**<br>**11 U.S.C. 523(a)(2)**<br>**11 U.S.C. 523(a)(4)**<br>**B.L.R. 4001-1**<br>Complaint Filed: August 10, 2023 |

### COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBT, FOR DAMAGES, AND FOR JUDGMENT

Plaintiff/Creditor Peter Pirouzkar, by and through his attorney, Geoffrey E. Wiggs, of the Law Offices of Geoff Wiggs, states as follows:

### INTRODUCTION

1. This adversary proceeding is brought by Plaintiff as Special Administrator of a Decedent's Estate pursuant to 11 U.S.C. 523, California Welfare & Institutions Code sections 15610.30 and 15657(a), and California Civil Code section 3345.

2. Plaintiff seeks a judgment of non-dischargeability of debt related to a judgment for fraud and financial elder abuse by Debtor of Decedent.

3. Concurrent with the filing of this Adversary Proceeding, Plaintiff will seek Relief from the Automatic Stay (*nunc pro tunc*) in the core proceeding.

## PARTIES AND JURISDICTION

4. Plaintiff/Creditor PETER PIROUZKAR ("Plaintiff"), is an individual and special administrator of the *Estate of Mahin Pirouzkar* ("Estate"). Superior Court of California, County of Santa Clara, Case Number 18PR183840, filed December 21, 2018.

5. Defendant/Debtor Jamshid Daryanabard ("Defendant") is an individual and the debtor in the above-captioned Chapter 13 bankruptcy proceeding.

6. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. § 547. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

7. Plaintiff is a creditor in this bankruptcy proceeding.

## FACTS

8. Plaintiff re-alleges and incorporates the allegations as set forth above.

9. Pending Plaintiff's motion for relief from stay, filed contemptuously with this proceeding, if allowed by this Court, Plaintiff intends to return to state court to liquidate his claims against Defendant.

10. Plaintiff's mother Mahim Pirouzkar ("Decedent") died on June 18, 2017.

11. Plaintiff was appointed Special Administrator of her Estate on June 25, 2018.

12. During her lifetime Decedent made three loans to Defendant from 2003 to 2013 totaling $46,000. The terms of the loan: Defendant would pay 1% interest per month, and would pay the principal when Decedent called the loans due.

13. As collateral for the loans, Defendant tendered to Decedent three checks from Defendant's business, Norooz Bazaar. Defendant wrote the amounts and signed the three checks. True and correct copies of these checks are attached as **Exhibit 1**.

14. On July 1, 2016, Decedent was in ill health and requested from Defendant the interest and principal amounts owed.

15. Defendant delayed payment and after two extensions, on January 3, 2017, Defendant paid Decedent $6,000.  Defendant refused to pay remainder.

16. On January 5, 2017, Decedent called Defendant and pleaded for him to pay the remaining $40,000. After an argument, Defendant denied the outstanding debt and hung up the phone.

17. Decedent passed away on June 18, 2017.

18. Following his mother's death, Plaintiff repeatedly attempted to contact Defendant, but Defendant refused to answer Plaintiff's phone calls.

19. After the January 3, 2017 payment, Defendant has made no further payments.

20. On December 21, 2018, Plaintiff filed suit against Defendant in California Superior Court, County of Santa Clara, case number 18PR183840 for Return of Estate Property, Fraud and Deceit, and Financial Elder Abuse.

21. On October 10, 2019, Defendant filed for bankruptcy; case number 19-52067 (Debtor's "2019 Bankruptcy").

22. On September 25, 2020, Defendant's 2019 Bankruptcy was dismissed for failure to confirm a Chapter 13 plan.

23. On August 21, 2020, Plaintiff received an Order Granting Amended Petition for Return of Estate Property, Fraud and Deceit, and Financial Elder Abuse against Defendant in the above referenced case. **Exhibit 2.**

24. On April 25, 2023, Defendant filed the instant bankruptcy.

25. Based upon Defendant's filed schedules and Chapter 13 plan, Defendant intends to repay 0% to all unsecured creditors.

## 11 U.S.C. 523(a)(2)(A) EXCEPTION TO DISCHARGE FOR MONEY OBTAINED BY FALSE PRETENSES, A FALSE REPRESENTATION, OR ACTUAL FRAUD.

26. Plaintiff re-alleges and incorporates the allegations as set forth above.

27. In accordance with 11 U.S.C. 523(a)(2)(A) a discharge does not extend to any debt for money to the extent obtained by false pretenses, false representation, or actual fraud. 11 U.S.C. 523(a)(2)(A).

28. The creditor must establish the following elements: 1) that the debtor made a representation; 2) that the representation was false and the debtor knew the representation to be false at the time it was made; 3) that the representation was made with the intention and purpose of deceiving he creditor; 4) that the creditor actually and justifiably relied upon the representation; and 5) that the creditor sustained a loss or was damaged as a proximate result of the representation. *Fowler Bros. v. Young* (*In re Young*), 91 F.3d 1367, 1373 (10th Cir. 1996).

29. On August 21, 2020, Plaintiff received an Order Granting Amended Petition for Return of Estate Property, Fraud and Deceit, and Financial Elder Abuse against Defendant in the above referenced case. **Exhibit 2.**

30. The State Court found:

   a. These loans were obtained while Decedent was a protected person, an Elder within the meaning of California Welfare & Institutions Code section 15610.27. **Exhibit 2, ¶ 4.**

   b. Since the inception of the loan, Defendant has repaid $6,000. **Exhibit 2, ¶ 11.**

   c. Defendant falsified his representations to Decedent that she could cash the three checks given as collateral at any time. **Exhibit 2, ¶ 5.**

   d. At the time Defendant made these representations and Decedent made the loans, Decedent was ignorant of the falsity of the representations and believed them to be true. Decedent justifiably relied on these representations and gave Defendant the money. Had Decedent known the true facts, she would not have undertaken such actions. **Exhibit 2, ¶ 6.**

e. Defendant's "representations were willful, wanton, malicious, and oppressive, undertaken with the intent to defraud, oppressive, and malicious, and made with the intent to defraud." **Exhibit 2, ¶ 7.**

31. Due to the actions of Defendant with respect to the loan, Defendant's debt to Decedent should be deemed non-dischargeable by this Court in accordance with 11 U.S.C. 523(a)(2)(A).

## ELDER ABUSE AGAINST DEFENDANT.

32. Plaintiff re-alleges and incorporates the allegations as set forth above.

33. On August 21, 2020, Plaintiff received an Order Granting Amended Petition for Return of Estate Property, Fraud and Deceit, and Financial Elder Abuse against Defendant in the above referenced case. **Exhibit 2.**

34. At all times relevant to this action, Decedent was over the age of 65 and an 'Elder' within the meaning of California Welfare & Institutions Code section 15610.27. **Exhibit 2, ¶ 4.**

35. The State Court found the Defendant committed financial elder abuse against the Decedent. **Exhibit 2, ¶ 16.**

36. Defendants' fraudulent and deceitful conduct induced Decedent to loan Defendant $46,000.00.

37. Defendant has filed for bankruptcy and, through the proposed Chapter 13 plan, shows an intention to repay no portion of his debt to Decedent's Estate or Plaintiff.

38. Defendant's subsequent actions make it apparent that Defendant had no intention of ever repaying the principal or interest on this loan.

39. Defendant knew or should have known that Decedent was in a vulnerable position at the time of the loan.

40. Defendant took advantage of Decedent's vulnerability; extracting $46,000.00 from Decedent through false promises to repay the debt and interest.

41. Defendant is guilty of recklessness, oppression, fraud, undue influence, and malice in the commission of the financial abuse of Plaintiff as described and alleged in this Complaint.

42. Under California Welfare and Institutions Code section 15657(a), Defendant is liable for reasonable attorney's fees and costs.

## **PRAYER FOR RELIEF.**

WHEREFORE, Plaintiff respectfully requests this Court:

1. Assume jurisdiction in this proceeding;
2. Allow Plaintiff to return to this Court for enforcement once his claim has been liquidated;
3. Determine that any such liquidated judgment against Defendant is non-dischargeable under 11 U.S.C. 523(a)(2) and 11 U.S.C. 523(a)(4) and that this Court issue an Order determining the debt non-dischargeable thereby;
4. Damages sought include:
   1) compensatory damages of two hundred thousand dollars and no cents ($200,000.00),
   2) an appropriate rate of interest compounded monthly thereon from July 1, 2016;
   3) treble damages pursuant to California Civil Code section 3345;
   4) punitive damages;
   5) statutory damages;
   6) pre-judgment interest;
   7) reasonable attorney's fees according to proof;
   8) costs of suit;
   9) such and further relief as the Court may deem proper;

In the alternative, Plaintiff respectfully requests that the Court:

5. Make a determination that such damages awarded through the State Court action with a finding that such damages are related to fraud are non-dischargeable;
6. And, finally, that this Court award Plaintiff
   1) reasonable attorney's fees according to proof;
   2) costs of suit;
   3) such further relief as the Court may deem proper;

in the instant Adversary Proceeding.

oo0oo

- 6 -

CORE CASE # 23-50443
AP #: 23-05024

Case: 23-05024   Doc# 5   Filed: 08/10/23   Entered: 08/10/23 15:55:05   Page 6 of 7

Respectfully submitted:

Dated this August 10, 2023

/s/ *Geoffrey E. Wiggs, Esq.*
**Geoffrey E. Wiggs, Esq.**
Attorney for Plaintiff