KAI H. WESSELS, Esq. SBN #121154
WESSELS LAW FIRM
333 West Santa Clara Street, Suite 610
San José, California 95113
Tel.: (408) 268-2580
Email: kaiwessels@wesselslaw.com

Attorneys for Petitioner and Special Administrator
P. PETER PIROUZKAR

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

In the Estate of

MAHIN PIROUZKAR,

Deceased.

Case No. 18PR183840

ORDER GRANTING AMENDED PETITION FOR RETURN OF ESTATE PROPERTY, FRAUD AND DECEIT, AND FINANCIAL ELDER ABUSE
(Probate Code §§ 850, et seq.)

Date: August 21, 2020
Time: 9:00 a.m.
Dept.: 13
Judge: Hon. Julie A. Emede

Petitioner P. PETER PIROUZKAR ("Petitioner"), as the special administrator of the *Estate of Mahin Pirouzkar* ("Estate"), having filed the AMENDED PETITION FOR RETURN OF ESTATE PROPERTY, FRAUD AND DECEIT, AND FINANCIAL ELDER ABUSE ("Petition"), and the same coming regularly for hearing, with the attorneys and/or parties appearing as set forth on the record, the Honorable Julie A. Emede, Judge presiding, the Court finds that:

1. Notice of said hearing has been properly given as required by law.
2. All material allegations in the Petition are true.
3. Between 2003 and 2014, Respondent, JAMSHID DARYANABARD, a.k.a. GAMSHID DARYANAVARD, d.b.a. NOROOZ BAZAAR ("Respondent"), borrowed from Decedent MAHIN PIROUZKAR ("Decedent") $46,000 at a rate of 1% per month ("Loans").

1

*Order Granting Amended Petition for Return of Estate Property, Fraud and Deceit, and Financial Elder Abuse*

4. At the time Decedent made the first loan and all times thereafter, Decedent was above the age of 64 and thus a dependent adult within the meaning of Welfare & Institution Code section 15610.23.

5. In order to obtain the Loans, Respondent falsely represented to Decedent that the three checks attached to the Petition were valid checks, that these checks would act as collateral, and that she could cash these checks any time she needed the money.

6. At the time Respondent made the above-described representations and Decedent made the Loans, Decedent was ignorant of the falsity of the representations and believed them to be true. Decedent justifiably relied upon these representations and gave Respondent the money. Had Decedent known the true facts, she would not have undertaken such actions.

7. Respondent's above-described representations were willful, wanton, malicious, and oppressive, undertaken with the intent to defraud, oppressive, and malicious, and made with the intent to defraud.

8. Starting on July 1, 2016, Decedent, who was in ill health and struggling financially, requested payment of not only the interest owed, but also the principal amount owed. Each time, the parties agreed that Respondent would pay the owed interest, and the owed principal would be paid in three months from their demand.

9. Beginning on October 1, 2016, Respondent no longer paid any interest on the Loans.

10. After Respondent received two extensions to pay in full, Respondent agreed on or about December 25, 2016, to pay the entire principal and interest on or January 3, 2017.

11. On January 3, 2017, Respondent paid $6,000, but refused to pay the remainder.

12. Respondent made no further payments on principal or interest after January 3, 2017.

13. Decedent died on June 18, 2017.

14. Interest on the unpaid portions of the Loans to August 21, 2020 totals $18,073.72.

15. The Court finds that Respondent wrongfully refused to repay in bad faith the Loans and interest thereon.

16. THE COURT FINDS THE RESPONDENT COMMITTED FINANCIAL ELDER ABUSE AGAINST THE DECEDENT.

*Order Granting Amended Petition for Return of Estate Property, Fraud and Deceit, and Financial Elder Abuse*

THEREFORE, IT IS ORDERED AND ADJUDGED that:

1. Petitioner, as the special administrator of the Estate, is awarded as against Respondent compensatory damages in the amount of $58,073.72.

2. Petitioner, as the special administrator of the Estate, is awarded as against Respondent damages under Probate Code section 859, in the amount of $116,147.44.

3. Petitioner, as the special administrator of the Estate, is awarded as against Respondent costs and attorney's fees according to proof in a subsequent motion.

Dated: 8/21/2020

Hon. Julie A. Emede,
Judge of the Superior Court